**KC**

**FILED**

**FEBRUARY 4, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**08 C 758**

| | |
|---|---|
| JEWEL MARSHALL-MOSBY, | ) |
| on behalf of plaintiff and the classes | ) |
| described herein, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BLITT AND GAINES, P.C.; | ) |
| UNITED COLLECTION BUREAU, INC.; | ) |
| and ALEXANDRIA VANECK CO., | ) |
| L.P.A., | ) |
| | ) |
| Defendants. | ) |

**JUDGE MANNING
MAGISTRATE JUDGE COX**

**COMPLAINT  – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Jewel Marshall-Mosby brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Blitt and Gaines, P.C. ("B&G"), United Collection Bureau, Inc. ("UCB")  and Alexandria Vaneck & Co., LPA ("Vaneck").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and Illinois Collection Agency Act.  The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**VENUE AND JURISDICTION**

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C.

1

§1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

3.     Venue and personal jurisdiction in this District are proper because:

a.     Defendants' collection communications were received by plaintiff within this District;

b.     Defendants do or transact business within this District.

## PARTIES

4.     Plaintiff is an individual who resides in the Northern District of Illinois.

5.     Defendant B&G is a law firm organized as an Illinois professional corporation with offices at 661 Glenn Avenue, Wheeling, Illinois 60090.

6.     Defendant B&G is engaged in the business of collecting debts owed to others, using the mails and interstate wires to collect debts originally owed to others.

7.     B&G is a debt collector as defined in the FDCPA.

8.     Defendant Vaneck is a law firm organized as an Ohio professional corporation with offices at 5620 Southwyck Blvd., Suite 103, Toledo, OH 43614.

9.     Defendant Vaneck is engaged in the business of using the mails and interstate wires to collect allegedly delinquent debts.

10.     Defendant Vaneck is a debt collector as defined in the FDCPA.

11.     Defendant UCB is a corporation with offices at 5620 Southwyck Blvd., Suite 206, Toledo, OH 43614. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

12.     Defendant UCB is engaged in the business of a collection agency, using the mails and interstate wires to collect allegedly delinquent debts.

13.     Defendant UCB is a debt collector as defined in the FDCPA.

14.     Among the debts which UCB regularly collects are health care debts.

15.     Vaneck and UCB have conducted debt collection activities in concert for over 15 years.

## FACTS

16.     On or about Sept. 20, 2007, a lawsuit was filed in the name of "University Pathologists" against Jewel Marshall-Mosby in the Circuit Court of Cook County, Illinois, case no. 07 M1 196374, for the purpose of collecting a $923.30 purported health care debt incurred for personal, family or household purposes.

17.     On information and belief, the purported debt had been paid by insurance or been the subject of an accord and satisfaction through an insurance company more than five years ago.

18.     The case has been dismissed.

19.     Health care debts frequently raise issues as to:

    a.     whether payments by insurance companies and benefits providers ("insurers")  were properly treated,

    b.     whether such payments resulted in an accord and satisfaction,

    c.     whether the amounts paid by the insurer represent the reasonable value of the services provided and thus satisfy the legal obligation of the patient;

    d.     whether the provider is legally entitled to demand payment of any amounts billed that were not paid by the insurer, either because the

3

bill was for more than the reasonable value of the services provided and not legally owed, or because of contractual arrangements between the insurer and the provider requiring acceptance of a discounted amount.

20.    University Pathologists is an Illinois health care provider with offices on Harrison Street.   On information and belief it has no offices in the state of Ohio.

21.    For a number of years, University Pathologists has used UCB as a debt collector.  A lawsuit filed in 2001, alleging that Vaneck was authorizing UCB to send collection letters in the name of Vaneck, also involved a University Pathologists debt.   <u>Brownlee v. United Collection Bureau, Inc. and Vaneck</u>, 01 C 5895 (N.D.Ill.).

22.    Attached to the complaint filed against Jewell Marshall-Mosby  was an affidavit (<u>Exhibit A</u>) executed by Susan Macionsky as "agent" of University Pathologists and notarized by Ohio notary Philippa M. Ciminillo.

23.    Ciminillo was an employee of Vaneck.

24.    Macionsky was an employee of UCB.

25.    At no time was Ciminillo or Macionsky an employee of University Pathologists.

26.    After being filed, the summons, complaint, and affidavit were served on Jewel Marshall-Mosby.

27.    <u>Exhibit A</u> is a form affidavit regularly filed in collection actions brought in Illinois.

28.     Susan Macionsky and other employees of UCB and Vaneck regularly prepared, executed and/or notarized affidavits similar to Exhibit A, reciting that the affiant was the "agent" of a creditor or debt buyer other than UCB or Vaneck.

29.     Contrary to the statements in the affidavit, Susan Macionsky and other employees of UCB and Vaneck are not qualified to testify about the computer records of any creditor or the procedures used by any creditor to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

30.     Exhibit A does not disclose the fact that the signatory and notary are employees of UCB and Vaneck.

31.     By describing the affiant as an "agent" of plaintiff, without identification of the company for which the affiant works, Exhibit A conceals the identity of the businesses involved in preparing and executing the document, namely UCB and Vaneck, and appears to come from the plaintiff, University Pathologists.

32.     The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit A.

## COUNT I – FDCPA

33.     Plaintiff incorporates paragraphs 1-32.

34.     The FDCPA, 15 U.S.C. §1692e, states:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a**

5

consumer. . . .

   **(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

35.     Contrary to the statements in the affidavit, Susan Macionsky and other employees of UCB and Vaneck are not "qualified" to testify about the computer records of the creditor or the procedures used by the creditor to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

36.     The statements in Exhibit A that the affiant is qualified to testify as to all facts pertaining to this matter are false and violate 15 U.S.C. §1692e.

37.     Exhibit A does not disclose the fact that the signatory and notary are employees of UCB and Vaneck and not the plaintiff, University Pathologists.

38.     By describing the affiant as an "agent" of plaintiff, University Pathologists, without identification of the entities for which the affiant and notary work, Exhibit A conceals the identity of the debt collection businesses involved preparing and executing the document, namely UCB and Vaneck,  and amounts to the use by UCB and Vaneck of a business, company, or organization name (the plaintiff, in this case "University Pathologists") other than the true name of the debt collector's business, company, or organization.

39.     By filing such affidavit, Blitt and Gaines, P.C., participated in the deceptive practice, in violation of 15 U.S.C. §1692e.

40.     The filing of fraudulent affidavits in connection with health care debts is particularly pernicious because the affiant and others involved with the preparation of such documents will not have knowledge of

6

a.    whether payments by insurance companies and benefits providers

("insurers")  were properly treated,

b.    whether such payments resulted in an accord and satisfaction,

c.    whether the amounts paid by the insurer represent the reasonable

value of the services provided and thus satisfy the legal obligation

of the patient;

d.    whether the provider is legally entitled to demand payment of any

amounts billed that were not paid by the insurer, either because the

bill was for more than the reasonable value of the services provided

and not legally owed, or because of contractual arrangements

between the insurer and the provider requiring acceptance of a

discounted amount.

### CLASS ALLEGATIONS

41.    Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.

Civ.P. 23(a) and 23(b)(3).

42.    Class A consists of (a) all individuals (b) against whom legal proceedings

were filed in Illinois, (b) in which was filed by Blitt and Gaines, P.C., (c) on or after a date one

year prior to the filing of this action, and on or before a date 20 days after the filing of this action,

(d) an affidavit executed by an employee of an entity other than the plaintiff in such action and

other than Blitt and Gaines, P.C., (e) which did not state as part of its text the name of the

company by whom the person was employed.

43.    Class B consists of (a) all individuals (b) against whom legal proceedings

were filed in Illinois (b) in which was filed (c) on or after a date one year prior to the filing of this

action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed or

notarized by an employee of UCB or Vaneck (e) which did not state as part of its text that the

person was employed by UCB or Vaneck..

44.     Each class is so numerous that joinder of all members is not practicable.

45.     On information and belief, there are at least 40 (a)  individuals (b) against

whom legal proceedings were filed in Illinois, (b) in which was filed by Blitt and Gaines, P.C., (c)

on or after a date one year prior to the filing of this action, and on or before a date 20 days after

the filing of this action, (d) an affidavit executed by an employee of an entity other than the

plaintiff in such action and other than Blitt and Gaines, P.C., (e) which did not state as part of its

text the name of the company by whom the person was employed.

46.     On information and belief, there are at least 40 (a) individuals (b) against

whom legal proceedings were filed in Illinois (b) in which was filed (c) on or after a date one year

prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d)

an affidavit executed by an employee of UCB or Vaneck (e) which did not state as part of its text

that the person was employed by UCB or Vaneck.

47.     There are questions of law and fact common to the class, which common

questions predominate over any questions relating to individual class members.  The predominant

common question is whether Exhibit A violates the FDCPA.

48.     Plaintiff's claim is typical of the claims of the class members.  All are

based on the same factual and legal theories.

49.     Plaintiff will fairly and adequately represent the class members.  Plaintiff

8

has retained counsel experienced in class actions and FDCPA litigation.

50.    A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible.

    b.    The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

    c.    Members of the class are likely to be unaware of their rights;

    d.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    (1)    Statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit;

    (3)    Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

51.    Plaintiff incorporates paragraphs 1-32.

52.    This claim is against UCB only.

53.    UCB is a licensee under the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

54.    Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (21) Failing to disclose to the debtor or his or her family the corporate,**

9

**partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**

**(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public. . . .**

55.    A private right of action exists for violation of the ICAA.  <u>Sherman v. Field Clinic,</u> 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

56.    Plaintiff was damaged as a result of the fraudulent debt collection activities complained of herein.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff  and against defendant:

    a.    Compensatory and punitive damages;

    b.    Costs.

    c.    Such other and further relief as is appropriate.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)


T:\20925\Pleading\Complaint -- federal_Pleading.wpd