**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEWEL MARSHALL-MOSBY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) COURT FILE NO. 08 CV 758 |
| BLITT AND GAINES, P.C.; UNITED | ) |
| COLLECTION BUREAU, INC.; and | ) Judge Manning |
| ALEXANDRIA VANECK CO., L.P.A., | ) |
| | ) Magistrate Judge Cox |
| Defendants. | ) |
| | ) |
| | ) |

**ANSWER TO COMPLAINT**

Defendant, UNITED COLLECTION BUREAU, INC., ("UCB"), by and through its attorneys, David M. Schultz and Todd P. Stelter, and for its answer, states as follows:

1.    Plaintiff Jewel Marshall-Mosby brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Blitt and Gaines, P.C. ("B&G"), United Collection Bureau, Inc. ("UCB") and Alexandria Vaneck & Co., LPA ("Vaneck"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and Illinois Collection Agency Act. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1693g.

**ANSWER:**    **UCB admits that plaintiff's complaint purports to allege unlawful credit and collection practices in violation of the FDCPA and Illinois Collection Agency Act. UCB admits that plaintiff's complaint purports to cite to portions of the FDCPA. UCB denies that plaintiff's citations to the FDCPA are accurate. UCB denies violating the FDPCA and Illinois Collection Agency Act and any other laws.**

UCB denies engaging in unlawful credit and collection practices. UCB denies liability and denies that plaintiff is entitled to any relief.

## VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

**ANSWER:**    UCB admits that plaintiff's complaint purports to allege a federal cause of action under a federal statute and therefore initially confers subject matter jurisdiction with this court. UCB denies all remaining allegations contained within this paragraph.

3.      Venue and personal jurisdiction in this District are proper because:

        a.      Defendants' collection communications were received by plaintiff within this District;

        b.      Defendants do or transact business within this District.

**ANSWER:**    UCB admits it is a licensed collection agency in the State of Illinois. UCB denies all remaining allegations contained within this paragraph.

## PARTIES

4.      Plaintiff an individual who resides in the Northern District of Illinois.

**ANSWER:**    UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

5.      Defendant B&G is a law firm organized as an Illinois professional corporation with offices at 661 Glenn Avenue, Wheeling, Illinois 60090.

**ANSWER:**    UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

6.    Defendant B&G is engaged in the business of collecting debts owed to others, using the mails and interstate wires to collect debts originally owed to others.

**ANSWER:    UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

7.    B&G is a debt collector as defined in the FDCPA.

**ANSWER:    UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

8.    Defendant Vaneck is a law firm organized as an Ohio professional corporation with offices at 5620 Southwyck Blvd., Suite 103, Toledo OH 43614.

**ANSWER:    UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

9.    Defendant Vaneck is engaged in the business of using the mails and interstate wires to collect allegedly delinquent debts.

**ANSWER:    UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

10.    Defendant Vaneck is a debt collector as defined in the FDCPA.

**ANSWER:    UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

11.    Defendant UCB is a corporation with offices at 5620 Southwyck Blvd., Suite 206, Toledo, OH 43614. It does business in Illinois.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER:    UCB admits it is a corporation with offices at 5620 Southwyck Blvd., Suite 260, Toledo, OH 43614.  UCB admits that it is a licensed collection agency in Illinois with a registered agent and office at CT Corporation System, 208 S. LaSalle**

St., Suite 814, Chicago, IL 60604. **UCB denies any remaining allegations contained within this paragraph.**

12    Defendant UCB is engaged in the business of a collection agency, using the mails and interstate wires to collect allegedly delinquent debts.

**ANSWER:    UCB admits that it is a licensed collection agency in Illinois. UCB admits using the mail and telephone. UCB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

13.    Defendant UCB is a debt collector as defined in the FDCPA.

**ANSWER:    UCB admits that it is a licensed collection agency in Illinois. UCB denies any remaining allegations contained within this paragraph.**

14.    Among the debts which UCB regularly collects are health care debts.

**ANSWER:    UCB admits that it has health care provider clients. UCB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

15.    Vaneck and UCB have conducted debt collection activities in concert for over 15 years.

**ANSWER:    UCB denies the allegations contained within this paragraph.**

### FACTS

16.    On or about Sept 20, 2007, a lawsuit was flied in the name of "University Pathologists" against Jewel Marshall-Mosby in the Circuit Court of Cook County, no. 07 M1 196374, for the purpose of collecting a $923.30 purported health care debt incurred for personal, family or household purposes.

**ANSWER:    UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

17.    On information and belief, the purported debt had been paid by insurance or been the subject of an accord satisfaction through an insurance company more than five years ago.

**ANSWER:    UCB denies the allegations contained within this paragraph.**

18.    The case has been dismissed.

**ANSWER:    UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

19.    Health care debts frequently raise issues as to:

    a.    whether payments by insurance companies and benefits providers ("insurers") were properly related,

    b.    whether such payments resulted in an accord and satisfaction,

    c.    whether the amounts paid by the insurer represent the reasonable value of the services provided and than satisfy the legal obligation of the patient,

    d.    whether the provider is legally entitled to demand payment of any amounts billed that were not paid by the insurer, either because the bill was for more than the reasonable value of the service provided and not provided and not legally owed, or because of contactual arrangements between the insurer and the provider requiring acceptance of a discounted amount.

**ANSWER:**    UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

20.    University Pathologists is an Illinois health care provider with offices on Harrison Street. On information and belief it has no offices in the state of Ohio.

**ANSWER:**    UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

21.    For a number of year, University Pathologists has used UCB as a debt collector. A lawsuit filed in 2001, alleging that Vaneck was authorizing UCB to send collection letters in the name of Vaneck, also involved a University Pathologists debt. Brownlee v. United Collection Bureau, Inc. and Vaneck, 01 C 5895 (N.D.Ill.)

**ANSWER:**    UCB admits the existence of the cited lawsuit. UCB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

22.    Attached to the complaint filed against Jewell Marshall-Mosby was an affidavit (Exhibit A) executed by Susan Macionsky as "agent" of University Pathologists and notarized by Ohio notary Philipps M. Ciminillo.

**ANSWER:**    UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

23.    Ciminillo was an employee of Vaneck.

**ANSWER:**    UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

24.    Macionsky was an employee of UCB.

**ANSWER:**    UCB admits the allegations contained within this paragraph.

25.     At no time was Ciminillo or Macionsky on employee of University Pathologists.

**ANSWER:     UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

26.     After being filed, the summons, complaint, and affidavit were served on Jewel Marshall-Mosby.

**ANSWER:     UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

27.     Exhibit A is a form affidavit regularly filed in collection actions brought in Illinois.

**ANSWER:     UCB denies all allegations contained within this paragraph.**

28.     Susan Macionsky and other employees of UCB and Vaneck regularly prepared, executed and/or notarized affidavits similar to Exhibit A, reciting that the affiant was the "agent" of a creditor or debt buyer other than UCB or Vaneck.

**ANSWER:     UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

29.     Contrary to the statements in the affidavit, Susan Macionsky and other employee of UCB and Vaneck are not qualified to testify about the computer records of any creditor or the procedures used by any creditor to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

**ANSWER:     UCB denies all allegations contained within this paragraph.**

6307114v1 886156

30.   <u>Exhibit</u> A does not disclose the fact that the signatory and notary are employees of UCB and Vaneck.

**<u>ANSWER:</u>   UCB denies that Exhibit A is required to disclose "that the signatory and notary are employees of UCB and Vaneck" and denies all remaining allegations contained within this paragraph.**

31.   By describing the affiant as an "agent" of plaintiff, without identification of the company for which the affiant works, Exhibit A conceals the identity of the business.

**<u>ANSWER:</u>   UCB denies all allegations contained within this paragraph.**

32.   The mails and interstate wire communications are used to send affidavits in the form represented by <u>Exhibit A</u>.

**<u>ANSWER:</u>   UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

## <u>COUNT I – FDCPA</u>

33.   Plaintiff incorporates paragraphs 1-32.

**<u>ANSWER:</u>   UCB incorporates all answers to paragraphs 1-32.**

34.   The FDCPA, 15 U.S.C. §1692e, states:

A debt collector may not we any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.. .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning consumer...

(14)    The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization...

**ANSWER:    UCB admits that plaintiff's complaint purports to cite a portion of the FDCPA. UCB denies violating the FDCPA and denies all remaining allegations contained within this paragraph.**

35.    Contrary to the statements in the affidavit, Susan Macionsky and other employees of UCB and Vaneck are not "qualified" to testify about the computer records of the creditor or the procedures used by the creditor to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

**ANSWER:    UCB denies all allegations contained within this paragraph.**

36.    The statements in <u>Exhibit A</u> that the affiant is qualified to testify as to all facts pertaining to this matter are false and violate 15 U.S.C. §1692e.

**ANSWER:    UCB denies all allegations contained within this paragraph.**

37.    <u>Exhibit A</u> does not disclose the fact that the signatory and notary are employees of UCB and Vaneck and not the plaintiff, University Pathologists.

**ANSWER:    UCB denies that Exhibit A is required to disclose "that the signatory and notary are employees of UCB and Vaneck" and denies all remaining allegations contained within this paragraph.**

38.    By describing the affiant as an "agent" of plaintiff, University Pathologists; without identification of the entities for which the affiant and notary work, <u>Exhibit A</u> conceals the identity of the debt collection business involved preparing and executing the document, namely UCB and Vaneck, and amounts to the use by UCB and

Vaneck of a business, company, of organization name (the plaintiff, in this case "University Pathologists") other than this true tame of the debt collector's business, company, or organization.

**ANSWER:    UCB denies all allegations contained within this paragraph.**

39.    By filing such affidavit, Blitt and Gaines. P.C., participated in the deceptive practice, in, violation of 15 U.S.C. §1692e.

**ANSWER:    UCB denies all allegations contained within this paragraph.**

40.    The filing of fraudulent affidavits in connection with health cam debts is particularly pernicious because the affiant aid others involved with the preparation of such documents will not have knowledge of:

a.    whether payments by insurance companies and benefits providers ("insurers") were properly treated,

b.    whether such payments resulted in an accord and satisfaction,

c.    whether the amounts paid by the insurer represent the reasonable value of the services provided and thus satisfy the legal obligation of the patient,

d.    whether the provider is legally entitled to demand payment of any amounts billed that were not paid by the insurer, either because the bill was for more than the reasonable value of the services provided and not legally owed, or because of contractual arrangements between the insurer and the provider requiring acceptance of a discounted amount.

**ANSWER:     UCB denies all allegations contained within this paragraph.**

## CLASS ALLEGATIONS

41.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(6)(3).

**ANSWER:     UCB denies all allegations contained within this paragraph.**

42.     Class A consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (b) in which was filed by Blitt and Gaines. P.C., (c) on or after a date one year prior to the 1314 of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of an entity other than the plaintiff in such action and other than Blitt and Gaines, P.C., (e) which did not state part of its text the name of the company by whom the person was employed.

**ANSWER:     UCB denies all allegations contained within this paragraph.**

43.     Class B consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois (b) in which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed or notarized by an employee of UCB or Vaneck (e) which did not state as part of its text that the person was employed by UCB or Vaneck.

**ANSWER:     UCB denies all allegations contained within this paragraph.**

44.     Each class is so numerous that joinder of all members is not practical.

**ANSWER:     UCB denies all allegations contained within this paragraph.**

45.   On information and belief, there are at least 40 (a) individuals (b) against whom legal proceedings were filed in Illinois, (b) in which was filed by Britt and Gaines, P.C., (c) On or after a date one year prior to tic tiling of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of an entity other than the plaintiff in such action and other than Blitt and Gaines. P.C., (e) which did not state as part of its text the name of the company by whom the person was employed.

**ANSWER:**   **UCB denies all allegations contained within this paragraph.**

46.   On information and belief, there are at least 40 (a) individuals (b) against whom legal proceedings were filed in Illinois (b) in which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of UCB or Vaneck (e) which did not state as part of its text that the person was employed by UCB or Vaneck.

**ANSWER:**   **UCB denies all allegations contained within this paragraph.**

47.   There are questions of law and fact common to the class, which common questions predominate over any questions relating to individuals class members. The predominant common question is whether Exhibit A violates the FDCPA.

**ANSWER:**   **UCB denies all allegations contained within this paragraph.**

48.   Plaintiff's claim is typical of the. claims of the class members. All are based on the same factual and legal theories.

**ANSWER:**   **UCB denies all allegations contained within this paragraph.**

49.    Plaintiff will fairly and adequately represent the class members. Plaintiff has related counsel experienced in class actions and FDCPA litigation.

**ANSWER:    UCB denies all allegations contained within this paragraph.**

50.    A class notion is superior for the fair and efficient adjudication of this matter, in that;

      a.    Individual actions are not economically feasible.

      b.    The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

      c.    Members of the class are likely to be unaware of their rights;

      d.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:    UCB denies all allegations contained within this paragraph.**

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

51.    Plaintiff incorporates paragraphs 1-32.

**ANSWER:    UCB incorporates all answers to paragraphs 1-32.**

52.    This claim is against UCB only.

**ANSWER:    UCB admits that plaintiff's complaint purports to only assert this claim against UCB. UCB denies violation the Illinois Collection Agency Act and/or any other laws.**

53.     UCB is a licensee under the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

**ANSWER:     UCB admits that it is a licensed collection agency through the Illinois Department of Financial & Professional Regulation.  UCB denies any remaining allegations contained within this paragraph.**

54.     Defendant violated the following provisions of 225 ILCS 425/9;

**...(21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use...**

**...(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public...**

**ANSWER:     UCB denies all allegations contained within this paragraph.**

55.     A private right of action exists for violation of the ICAA, <u>Sherman v. Field Clinic</u>, 74 Ill.App.3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER:     UCB denies all allegations contained within this paragraph.**

56.     Plaintiff was damaged as a result of the fraudulent debt collection activities complained of herein.

**ANSWER:     UCB denies all allegations contained within this paragraph.**

WHEREFORE, Defendant, UNITED COLLECTION BUREAU, INC., respectfully requests that judgment be entered in its favor and against plaintiff and for such further relief as this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, the defendant states that any violation of the FDCPA or Illinois Collection Agency Act, which defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, the defendant states that plaintiff has failed to state a cause of action under the FDCPA or Illinois Collection Agency Act.

## THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, the defendant asserts the affirmative defense of litigation privilege.

## FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, the defendant states that plaintiff's claims are barred by the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

## FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, the defendant states that plaintiff's claims are barred by res judicata and claim preclusion.

## SIXTH DEFENSE

For its Sixth Affirmative Defense, the defendant states that plaintiff's claims are barred by the *Colorado River* doctrine. *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976).

## SEVENTH DEFENSE

For its Seventh Affirmative Defense, the defendant asserts the affirmative defense of witness immunity.

## EIGHTH DEFENSE

For its Eighth Affirmative Defense, the defendant states that under the Noerr-Pennington doctrine, it is immune from suit under the FDCPA for pursuing state court litigation against plaintiff. *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,*

365 U.S. 127 (1961) and *United Mine Workers v. Pennington,* 381 U.S. 657 (1965) and *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508 (1972).

Respectfully submitted,

United Collection Bureau, Inc.


By _____s/Todd P. Stelter_____

One of the Attorneys for Defendant

David M. Schultz
Todd P. Stelter
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601
312/704-3000

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JEWEL MARSHALL-MOSBY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) COURT FILE NO. 08 CV 758 |
| BLITT AND GAINES, P.C.; UNITED | ) |
| COLLECTION BUREAU, INC.; and | ) Judge Manning |
| ALEXANDRIA VANECK CO., L.P.A., | ) |
| | ) Magistrate Judge Cox |
| Defendants. | ) |
| | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2008, I electronically filed **ANSWER & AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Dan Edelman**
dedelman@edcombs.com

Respectfully submitted,



By:____s/Todd P. Stelter_____


Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000